# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:12 CR 59-5

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| DANIEL RYAN ROBINSON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a Violation Report (#51) filed in the above entitled cause on August 9, 2012 by the United States Probation Office. In the violation report, the United States Probation Office alleges that the defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared the defendant was present with his counsel, Attorney Frank Abrams, and the Government was present through Assistant United States Attorney, Tom Kent. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, denied the allegations contained in the Violation Report that had been filed on August 9, 2012. Testimony was presented by the Government through Robert T. Ferguson, United States Probation Officer.

The defendant was charged in a bill of indictment filed on June 5, 2012 with one count of conspiracy to distribute and quantity of heroin. A hearing was held in regard to the detention of the defendant on July 2, 2012. On that date, the undersigned entered an order releasing the defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following:

(1) The defendant must not commit any offense in violation of federal, state or local law while on release;

(8)(p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

Officer Ferguson testified that on July 18, 2012 he traveled to the home of defendant and met with defendant. Officer Ferguson told defendant that the defendant would have to provide a urine sample for a drug test. At that time, defendant told Officer Ferguson that he had taken a Vicodin tablet on July 6, 2012. Officer Ferguson questioned defendant regarding how he obtained the Vicodin and at that time defendant told him he had a prescription for Vicodin and he had just recently found a Vicodin pill and he had taken the pill. Officer Ferguson told defendant that he should provide Officer Ferguson with a copy of the prescription.

On August 6, 2012, Officer Ferguson conducted another meeting with

defendant and told defendant he was going to require that the defendant provide a urine sample for a drug test. At that time, the defendant told Officer Ferguson that on August 4, 2012 he had taken Vicodin and cocaine. In regard to each of these statements made by defendant, that being the statement of July 18, 2012 and August 6, 2012, defendant signed a written statement confirming that he had taken Vicodin on July 16 and he had taken Vicodin and cocaine on August 4. Defendant later provided a prescription for Vicodin but the prescription was dated in 1998. Defendant did not present any evidence at the hearing of the allegations contained in the Violation Report.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer

-----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed

3

a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe that defendant has committed a federal and state crime while on release. Defendant possessed Vicodin on two occasions so he could consume that substance and cocaine on one occasion. The possession of these controlled substances violated both federal and state law. The consumption of cocaine is a felony under state law. N.C.G.S. 90-95(a)(3). The undersigned finds there is probable cause to believe that defendant committed that felony and as a result a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148 that no condition or combination of conditions of release would assure that the defendant will not pose a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence that defendant violated the condition of release that required that he refrain from use or unlawful possession of a narcotic drug or other controlled substance defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner. The undersigned does not find creditable the statement of defendant that he had used Vicodin pursuant to a prescription provided to him in 1998 which was some fourteen years previous to the date of his use or possession of that drug. Cocaine is a drug for which there cannot

4

be a valid prescription issued. As a result, the undersigned finds by clear and convincing evidence that defendant has violated that condition of release.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth under 18 U.S.C. § 3142(g) it appears that is no condition or combination of conditions of release that will assure that defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon defendant's actions it is unlikely defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** the defendant be detained pending further proceedings in this matter.

Signed: August 16, 2012

Dennis L. Howell
United States Magistrate Judge